Filed 4/23/26  In re Al.A. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re Al.A. et al., Persons Coming Under the Juvenile Court Law. | B346053 (Los Angeles County Super. Ct. No. 25CCJP00253A-D) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,  Plaintiff and Respondent,  v.  MANUEL A.,  Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mary E. Kelly, Judge.  Dismissed.

Paul Couenhoven, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Bryan Mercke, Deputy County Counsel, for Plaintiff and Respondent.

_____

Manuel A. (father) appeals from the juvenile court's jurisdictional findings—namely, that Valeria G.'s (mother's) substance abuse endangered father and mother's four children. (Welf. and Inst. Code § 300, subd. (b)(1).)[1]  Because the court has since terminated jurisdiction and returned the children to parental custody, we dismiss father's appeal as moot.

## BACKGROUND

Father and mother share four children:  Al.A. (born Oct. 2017), Av.A. (born Jan. 2020), Man.A. (born May 2021), and Mas.A (born Nov. 2022). Mother's fifth child, A.M., was born in December 2024. The children lived with mother and A.M.'s father, but father was "regularly present in the home."

In January 2025, the Los Angeles County Department of Children and Family Services (DCFS) filed a jurisdiction petition alleging that "A.M. was born . . . [with] a positive toxicology screen for methamphetamine and amphetamine[,]" and that mother's "abuse[] of methamphetamine and amphetamine[] . . . renders [her] incapable of providing regular care and supervision of [all five] children." (§ 300, subd. (b)(1).)

In May 2025, following a contested hearing, the juvenile court sustained the petition with minor interlineations.

Father timely appealed as to his four children.

_____

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

## DISCUSSION

DCFS contends that father's appeal has been rendered moot by postjudgment orders terminating the juvenile court's jurisdiction over the children and returning them to parental custody. We grant DCFS's motion requesting that we take judicial notice of these orders.

Father informed this court via letter that "in light of the case developments reflected in [DCFS's] request for judicial notice," he "w[ould] not be filing a reply brief."

"A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'"" (*In re D.P.* (2023) 14 Cal.5th 266, 276.) As father does not dispute DCFS's contention that the juvenile court's termination of jurisdiction and return of the children to their parents renders this appeal moot, we dismiss his appeal.

## DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.

GILBERT*

We concur:

_____, P. J.

LUI

_____, J.

RICHARDSON

---

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.